**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PENOVIA LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>ZEBRA TECHNOLOGIES CORPORATION,<br><br>            Defendant. | Case No. 2:13-cv-00428-JRG<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZEBRA TECHNOLOGIES CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Zebra Technologies Corporation ("Zebra") by and through its counsel of record, hereby files its Answer to the Complaint filed by Penovia LLC ("Penovia" or "Plaintiff") in the above-referenced case on May 21, 2013 (Dkt. 1):

**ANSWER TO COMPLAINT**

Any allegations of the Complaint not specifically admitted are denied.

**PARTIES AND JURISDICTION**

1.     Zebra admits that Plaintiff's Complaint purports to state a cause of action under the patent laws of the United States, Title 35 of the United States Code, however, Zebra lacks sufficient information to admit or deny that the Complaint properly states a claim and, accordingly, denies that it does. Zebra admits that Plaintiff's Complaint purports to seek recovery of damages, but denies that Plaintiff is entitled to recover damages.

2. Zebra admits only that this Court has subject matter jurisdiction over certain claims under 28 U.S.C. §§ 1331 and 1338(a), but Zebra lacks sufficient information to admit or deny that subject matter jurisdiction exists over this case and, accordingly, denies that it does.

3. Zebra lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

4. Zebra admits only that it is a Delaware corporation with its principal place of business located at 475 Half Day Road, Suite 500, Lincolnshire, Illinois 60069. Zebra denies the remaining allegations of this paragraph.

5. Zebra lacks information sufficient to form a belief as to whether the products alleged to infringe were made, used, offered for sale, and/or sold in the Eastern District of Texas, and therefore denies such allegations.

### VENUE

6. Zebra denies each and every allegation contained in this paragraph.

### COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7. Zebra repeats and incorporates by reference its responses to paragraphs 1 through 6 above.

8. Zebra admits only that Plaintiff's Complaint purports to state a cause of action under the patent laws of the United States, Title 35 of the United States Code, in particular, §§ 271, *et seq*.

9. Zebra lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

10. Zebra admits only that Plaintiff attaches a document purporting to be a copy of U.S. Patent No. 5,822,221 ("the '221 patent") as Exhibit A to the Complaint, the face of which shows the title "Office Machine Monitoring Device".

11. Zebra lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

12. Zebra admits that the '221 patent expired for failure to pay maintenance fees, but denies that the '221 patent's expiration date is November 8, 2010.  Zebra lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis, denies such allegations.

13. Zebra denies each and every allegation of this paragraph.

14. Zebra lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

15. Zebra admits that Plaintiff's Complaint purports to seek recovery of damages for infringement from the date 6 years before filing the Complaint through the date of the '221 patent's expiration, but denies that the date of the '221 patent's expiration is November 8, 2010. Zebra further denies any infringement of the '221 patent and accordingly, any allegation that Plaintiff is entitled to recover damages for such infringement.

## DEMAND FOR JURY TRIAL

Zebra admits that Plaintiff purports to demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Zebra denies that Plaintiff is entitled to any of the relief it has requested in its Prayer for Relief or any relief whatsoever because:

    A. Plaintiff is not entitled to judgment on any cause of action asserted in the Complaint;

B. Plaintiff is not entitled to damages resulting from Zebra's alleged infringement because Zebra has not and does not infringe;

C. Plaintiff is not entitled to pre-judgment and post-judgment interest and costs on damages because there are no such damages;

D. No other and further relief is just and proper under the circumstances since Zebra does not infringe.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

2. On information and belief, prosecution history estoppels and/or prosecution disclaimer precludes any finding of infringement.

### THIRD AFFIRMATIVE DEFENSE
(INVALIDITY OF THE '221 PATENT)

3. On information and belief, each and every claim of the '221 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

### FOURTH AFFIRMATIVE DEFENSE
(NON-INFRINGEMENT OF THE '221 PATENT)

4. Zebra does not infringe any valid claim of the '221 patent, either directly or indirectly, literally, or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
(WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS, AND IMPLIED LICENSE)

5. Plaintiff's claims for relief are barred in whole or in part by waiver, estoppel, acquiescence, unclean hands or implied license.

### SIXTH AFFIRMATIVE DEFENSE
(FAILURE TO PROVIDE NOTICE PURSUANT TO 35 U.S.C. § 287)

6. On information and belief, Plaintiff's ability to recover for any alleged infringement is limited by the failure of Plaintiff and/or its licensees to meet the requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
(LACHES)

7. Plaintiff's claims for relief are barred in whole or in part by laches.

### RESERVATION OF DEFENSES

Zebra reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Zebra prays as follows:

A. That Plaintiff takes nothing by reason of the Complaint herein and that this action be dismissed in its entirety;

B. That Zebra be awarded its fees and costs associated with its defense in this suit; and

C. For such other and further relief as the Court may deem just and proper.

Dated: August 6, 2013

                              **POTTER MINTON, a Professional Corporation**

                              */s/ Douglas R. McSwane, Jr.*

                              Douglas Ray McSwane, Jr.
                              dougmcswane@potterminton.com
                              Ashley N. Pate
                              ashleypate@potterminton.com
                              POTTER MINTON P.C.
                              110 N. College Avenue, Suite 500
                              Tyler, TX 75702
                              (903) 597-8311
                              Fax: (903) 593-0846

                              *Attorneys for Zebra Technologies Corporation*

                              **MAYER BROWN LLP**
                              Amr O. Aly
                              1675 Broadway
                              New York, NY 10019
                              (212) 506 -2500
                              aaly@mayerbrown.com

                              *Pro Hac Vice Attorney for Zebra Technologies Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 6<u>TH</u> day of August, 2013. Any other counsel of record will be served by first class U.S. mail on this same date.

                              */s/ Douglas R. McSwane, Jr.*
                              Douglas R. McSwane, Jr.